**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria**

**SHOALEH DEHGHAN,**

**Plaintiff,**

v. **CIVIL NO. 1:10cv861**

**EQUIFAX INFORMATION SERVICES, LLC.**

**Defendants.**

**PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES**

COMES NOW the Plaintiff, **SHOALEH DEHGHAN**, by counsel, and makes the following disclosures:

**I. Individuals likely to have discoverable information**

1. **Plaintiff, Shoaleh Dehghan.**
   ***All facts.***

2. **Ken Pazooki**
   ***All Facts***

3. **Employees of Equifax Information Services, Inc.**

   ***All facts regarding the subject matter of the Complaint.***

4. **Chase Bank, USA, N.A.**
   **P.O. Box 15077**
   **Wilmington, DE 19886-5077**

   ***All facts regarding its denial of credit line increase on or about April 26, 2010 based on a review of the Plaintiff's Equifax report and or credit score.***

5. **Citibank, Customer Service Center**
   **P.O. Box 6248**
   **Sioux Falls, SD 57117-6248**

*All facts regarding the interest rate increase to the Plaintiff's Citi Premier Pass American Express Card on or about February 2010 and all facts regarding Citibank's denial of credit line increase on Plaintiff's Citi Premier Pass American Express card requested on or about April 28, 2010 based on review of the Plaintiff's Equifax report and/or credit score.*

6. **Bank of America**
   **9000 Southside Blvd., Bldg. 700**
   **Jacksonville, FL 32256**

   *All facts regarding the Plaintiff's application for credit, the Equifax credit report and/or credit score received from Equifax on or about November 27, 2009 and December 2, 2009 and any related credit decisions based on a review of this information.*

7. **Consolidated Information Services**
   **Rt. 517**
   **Alamuchy, NJ 07820**

   *All facts regarding the tri-merge credit report requested for the Plaintiff and generated on or about February 23, 2010, including all information received from Equifax or any affiliated agency utilized to generate the tri-merge consumer report and credit scores furnished with regard to the Plaintiff.*

8. **Equifax Mortgage Services**
   **6 E Clementon Road, Suite A2**
   **Gibbsboro, NJ 08026**

   *All facts regarding the tri-merge credit report requested for the Plaintiff and generated on or about March 23, 2010, including all information received from Equifax or any affiliated agency utilized to generate the tri-merge consumer report and credit scores furnished with regard to the Plaintiff.*

9. **First USA Bank**
   **800 Brooksedge Blvd.**
   **Mailstop OH1-0552**
   **Westerville, OH 43081**

   *All facts regarding the Plaintiff's application for credit, the credit report information and/or credit score received from Equifax with regard to the Plaintiff on or about February 13, 2010 and April 25, 2010 and any related credit decisions based on a review*

*of this information.*

10. **Factual Data**
**5200 Hahns Dr.**
**Loveland, CO 80538**

*All facts regarding the tri-merge credit report requested for the Plaintiff and generated on or about March 3, 2010, including all information received from Equifax or any affiliated agency utilized to generate the tri-merge consumer report and credit scores furnished with regard to the Plaintiff.*

11. **Fairway Independent Mortgage Corporation**
**8381 Old Courthouse Road, Suite 310**
**Vienna, VA 22182**

*All facts regarding Plaintiff's application for mortgage in March 2010, the credit scores, credit reports and/or tri-merge credit report reviewed in connection with Plaintiff's mortgage application. All facts regarding Plaintiff's application for mortgage, whether it was approved and if the loan was approved, whether it was approved at the best available rate at the time of the application; if the loan was offered at less than the best available rate, information relating to the reasons the loan was offered at the lower rates, the Loan-to-Value (LTV) ratio of any loan Plaintiff sought and/or was offered.*

12. **Chris McConville**
**4046 Turnwood Lane**
**Moon Township, PA 15108**

*Expert testimony regarding his findings regarding the interest rate the Plaintiff was able to obtain on a first mortgage on or about March 2010 in relation to the reporting of the derogatory accounts by Equifax and how it relates to pricing of the interest rate on the mortgage in relation to her credit score.*

13. **Evan Hendricks**
**8321 Tomlinson Avenue**
**Bethesda, MD 20817**

***All facts relating to the liability of the Defendant including the history of problems with their investigation procedures under the Fair Credit Reporting Act.***

**14. Unknown persons as may be revealed in discovery.**

**15. All witnesses identified by the Defendants.**

**II. Description of documents in possession of the Plaintiff.**

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Nos. 10001 – 10130

**III. Computation of Damages**

**Itemization Of Damages**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

**Categories and types of Actual Damages**

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.
iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit score.
v. Plaintiff has suffered general damages in the form of damage to reputation.
vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in

her credit reports.

viii. The damage to Plaintiff's credit score may also have impacted the interest rates she has on current loans, credit she has requested during this ordeal, if applicable, or caused decreased credit limits on existing accounts.

ix. Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendant continues to persist in painting Plaintiff in a false light both personally and financially.

xi. Plaintiff has also suffered embarrassment from having to explain herself to potential creditors as well. Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

xii. It is believed that Plaintiff has also suffered additional physical damage causing her condition of multiple sclerosis to increase in severity because of the additional stress and anxiety placed on Plaintiff in her attempts to repair her good name and credit.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v Phillips,* 2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) ($225,000 actual damages and $275,000 punitive damages based upon general and economic damage theories);

*Anderson v. Conwood Co.*, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Ayers v. v. Experian*, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on offer of judgment $95,000 for claimed damages of emotional distress and mortgage denial under 15 U.S.C. 1681e(b), defended by Jones Day).

*Bell v. May Department Stores* (Missouri 2000, jury award $50,000 actual damages).

*Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency. $250,000 punitive damage award sustained.);

*Brown v. Experian*, (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Bryant v. TRW Inc.*, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705, tried and appealed by Sidney Frank, local counsel for Experian);

*Collins v. Retail Credit Co.*, 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life"; $50,000 in punitive damages and $21,000 in attorney's fees).

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County*, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

*Cousin v. Trans Union;* 246 F. 3d 399 (5th Cir. 2001) ($50,000 actual damages; 4.5 million punitive vacated by appellate court.)

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA* (D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s-2(b) trial and appeal by Len Bennett, appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian* (D. Ore. No. 96-286-JE) (jury awarded $600,000 actual damages in 1998);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) ($4,000 even though erroneous credit report was corrected one week after publication; verdict was sustainable as humiliation, emotional distress, or injury to reputation or credit rating.);

*Kirkpatrick v. Equifax*, (Oregon 2004) ($275,000 actual damages for

identity theft reinvestigation claim)

*McGowan v. Warner,* Alabama (CV 9503310, 1999) (jury awarded 1.85 million to theft of identity victim against no credit bureaus.)

*Milgram v. Advanced Cellular Systems, Inc.*, 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for credit damage, $20,224 in attorney's fees);

*Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

*Morris v. Credit Bureau*, 563 F. Supp. 962 (S.D. Ohio 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation, his work, his family, his sense of well-being);

*Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

*Northrop v. Hoffman of Simsbury, Inc.*, 6 Conn. Ops. 447 (Apr. 24, 2000) (jury verdict of $100,000 in compensatory damages and $500,000 in punitives remitted by Chief Judge Covello to $125,000 for punitives, no compensatory).

*Phillips v. David McDermott Chevrolet, Inc.*, 1992 WL 67374 (Conn. Super. 1992)($5,000 for credit rating damage);

*Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

*Robinson v. Equifax*, Case No. 06-cv-1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim).

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and $80,000 in punitive damages).

*Sloan v. Equifax, (E.D. Va. 2005*)($350,000 actual damages for identity theft reinvestigation claim)

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages).

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and
embarrassment damages, plus $20,700 in attorney's fees);

*Thomas v. Trans Union*, (D. Or. 2002) tried in Oregon. In 2002, the jury awarded $5 million punitive, $300,000 actual damage for emotional distress. Judge remitted the punitive to $1million with $100,000 fees.

*Thompson v. Equifax*, (Ala. 2002) (jury award $80,000)

*Thompson v. San Antonio Retail Merchants Asps'*, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses).

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

*Wenger v. Trans Union* (Cal. jury award of actual damages of $200,000).

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, Case No: 4:02-CV-1650 (E.D. MO 2004)(Jury verdict against furnisher under 15 U.S.C. ' 1681s-2b for $87,000 on claims for emotional distress associated with negligent noncompliance with 15 U.S.C. §1681s-2(b)).

c. **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in her credit files.

Plaintiff's interest rate was increased by Citibank on her Citi Premier Pass American Express Card on or about February 2010.

Plaintiff was denied a credit line increase on or about April 26, 2010 by Chase after a review of her Equifax credit report and/or credit score.

Plaintiff was denied a credit line increase by Citibank on or about April 28, 2010 on her Citi Premier Pass American Express credit card after a review of her Equifax credit report and/or credit score.

The interest rate that Plaintiff was able to obtain on a first mortgage from Fairway Independent Mortgage Corporation was believed to be higher because of the derogatory reporting in her credit report.

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized contained the inaccurate derogatory account and inaccurate information at issue in this case.

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e. **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Boris v. Choicepoint Servs., Inc.*,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($250,000 in punitive damages award was appropriate under FCRA);

*Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and 900,000.00 in punitive damages);

*Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld);

*Mills v. NationsBank* (Florida, 1999) (Jury award $140,000 actual and $300,000 punitive damages for false credit reports)

*Mullins v. Trans Union,* 2006 WL 1214024 (E.D.Va.) (jury verdict of $20,000 actual damages and $100,000 in punitive damages);

*Pinner v Schmidt*, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

*Saunders v. B.B. & T.,* (E.D. Va. 2006)($1,000 in statutory damages and $80,000 in punitive damages).

*Soghomonian v. Trans Union*, (N.D Ca 2004)($330,000 actual damages and $660,000 punitive damages).

S*tevenson v. TRW, Inc.*, 978 F.2d 288 (5th Cir. 1993) ($30,000 mental anguish and embarrassment, $20,700 fees; appellate court remitted $100,000 punitives);

*Thomas v. Trans Union*, (D. Or. 2002) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages).

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

*Yohay v. City of Alexandria Employees Credit Union*, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000; fees and costs over $33,000 in case involving impermissible access of consumer reports under false pretenses);

Plaintiff reserves the right to further supplement these disclosures.

**SHOALEH DEHGHAN**,

/s/

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

***CERTIFICATE OF SERVICE***

I hereby certify that on this 28th day of October, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond , VA 23230
jmontgomery@jwm-law.com

/s/

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net